COOLEY GODWARD KRONISH LLP
STEVEN L. FRIEDLANDER (154146) (friedlanders@cooley.com)
MAUREEN P. ALGER (208522) (malger@cooley.com)
ELIZA HOARD (238276) (ehoard@cooley.com)
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA  94306
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for Plaintiff
LADENE DILLIHUNT

KEVIN V. RYAN (118321)
United States Attorney
JOANN M. SWANSON (88143)
Chief, Civil Division
ANDREW Y.S. CHENG (164613) (andrew.cheng@usdoj.gov)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone:    (415) 436-4261
Facsimile:    (415) 436-6748

Attorneys for Defendants
JOHN E. POTTER, Post Master General, and
UNITED STATES POSTAL SERVICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LADENE DILLIHUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER, Post Master General,<br><br>    Defendant. | Case No.  C 01-3605 PJH<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed:    September 24, 2001<br>Trial Date:             August 27, 2007 |

1.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

**STIPULATED PROTECTIVE ORDER**
**Case No. C 01-3605 PJH**

**WHEREAS,** in the course of this litigation disclosure has been or may be sought of information which a party regards as being of a confidential, personal, or financial nature (hereinafter, "Confidential Information"); and

**WHEREAS,** Plaintiffs and Defendants desire to protect against the disclosure of Confidential Information;

**IT IS HEREBY STIPULATED** by and between the parties hereto, through their respective counsel, that the following Order shall govern the disclosure of Confidential Information in this action:

1. **Information Subject to Designation.** All originals and copies of deposition transcripts and exhibits, responses to interrogatories, responses to requests for admissions, responses to requests for the production of documents, and any and all other documents, materials, tangible things or other information or materials obtained in discovery or otherwise disclosed or used herein (collectively "Information") that contain or refer to any Confidential Information, may be designated by the party or non-party producing, receiving or having an interest in the Confidential Information as "CONFIDENTIAL." Any party or non-party so designating Confidential Information shall have a reasonable and good faith belief that the information so designated is Confidential Information and is properly subject to the marked designation.

2. **Method of Designation.** Information shall be designated as "CONFIDENTIAL" by the placement in plain view of a stamp or marking in those words on each page of the document containing the Information being so designated.

3. **Limits on Use of Confidential Information.** Any information designated as "CONFIDENTIAL," and all information derived therefrom, shall only be disclosed as provided in this Order, shall be used only for the purposes of this specific action, and shall not be used for any other purpose whatsoever.

4. **Information Designated CONFIDENTIAL.** Except as provided below, Information designated as "CONFIDENTIAL" shall not be given, shown, made available or communicated in any way to any person other than the following:

      **(a)**    Counsel to Plaintiff, Cooley Godward Kronish LLP;

      **(b)**    Counsel to Defendant, Kevin V. Ryan, Joann M. Swanson, Andrew Y.S. Cheng;

      **(c)**    Counsel to the United States Postal Service, Joan Robin;

      **(d)**    Members, partners and the employed associates, paralegals, clerks and secretaries of Cooley Godward Kronish LLP and the United States Attorney's Office, as well as any independent contractors retained by such entities to assist in this action (*e.g.*, paralegals or clerical aides);

      **(e)**    The Court, court personnel, and stenographic reporters and videographers at depositions taken in this action;

      **(f)**    Plaintiff;

      **(g)**    Defendant;

      **(h)**    Experts and/or consultants who are not regularly employed by or associated with a party hereto, and whose advice is or will be used by a party in connection with preparation for trial or trial of this action, as well as any employees, associates or independent contractors retained by those experts to assist in their work on this matter. Counsel desiring to disclose Information designated as "CONFIDENTIAL" to any such experts or consultants under this subsection must first obtain a signed Certification, in the form attached hereto as Exhibit A, from each such expert or consultant.

      **(i)**    Witnesses who have previously drafted, received or reviewed the Information; and

      **(j)**    Such other persons as to whom both parties may agree. Counsel desiring to disclose Information designated as "CONFIDENTIAL" to any such persons under this subsection must first obtain a signed Certification, in the form attached hereto as Exhibit A, from each such person.

      **5.**    **Retention of Certifications.** The attorneys of record shall maintain a file of all Certifications signed by persons to whom Information designated as "CONFIDENTIAL" has been given. Said files shall be retained for at least two years following the disposition of this action,

and during that time period, shall be made available upon request for inspection and copying by any attorney of record.

**6.     Depositions and Transcripts.**  Counsel will not disclose Information designated as "CONFIDENTIAL" to a witness testifying at a deposition except in strict conformity with the provisions of this Order.  Any party or non-party may designate excerpts of a deposition transcript as "CONFIDENTIAL" within twenty (20) business days after receiving such transcript, upon written notice to the non-designating attorneys of record.

**7.     Filing Procedure.**  No Information which is designated as "CONFIDENTIAL," including any pleading or memorandum purporting to reproduce or paraphrase such Information, will be filed with the Court unless it is filed under seal in accordance with the Local Civil Rules for the Northern District of California, including Local Civil Rule 79-5.  To comply with this requirement, Confidential Information must be filed in sealed containers labeled with (a) the title of this action, (b) the general nature of the contents; (c) the words "CONFIDENTIAL;" and (d) a statement substantially in the following form:

> **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**.  This sealed container filed in this case, *Dillihunt v. Potter*, Case No. C 01-3605 PJH, contains confidential materials generally identified as _____.  Pursuant to the parties' Stipulated Protective Order, the container shall not be opened nor the contents thereof revealed except to the Court.  After any such opening or revelation, the container shall be resealed with the contents inside.  This restriction is subject to an order of the Court.

**8.     Trial Procedure.**  Should an attorney of record for any party desire to use Information designated as "CONFIDENTIAL," or any summary thereof or excerpt therefrom, during the trial of or at any hearing in this action, counsel must, prior to such use, bring the confidentiality thereof to the attention of the Court and the party which designated the Information.  Counsel for the producing party may request that any portion of the transcript or exhibit containing such Information be filed under seal with the Court, and be accorded protection as provided by the terms of this Order.  All persons present at the time of such use must be directed to treat such Information as Confidential Information, and counsel for the parties will exercise all reasonable care not to disclose such materials needlessly in the public record of this proceeding nor to persons not entitled under this Order to receive such Information.

9. **Failure to Designate Is Not a Waiver.** Any party may designate Information, discovery responses or portions of deposition transcripts as "CONFIDENTIAL" even if not initially so marked in accordance with the terms of this Order by advising each party in writing of the Information which is to be so designated. Thereafter all such Information, discovery responses and/or transcripts must be marked and treated in accordance with the terms of this Order. Any person receiving written notice of a change in designation for previously produced Information, discovery responses or deposition transcripts must thereafter treat such Information as if it had been originally designated as "CONFIDENTIAL" and must mark all copies of such documents in their possession accordingly.

10. **Disputes About Designations.** If, subsequent to a party's acceptance of Information designated as "CONFIDENTIAL," it appears to such accepting party that any Information so designated is not of a nature warranting the protection afforded hereunder, such accepting party may bring a noticed motion to be relieved entirely or in part from the provisions of this Order. In the event of such a motion, however, it shall be the burden of the party designating the material as "CONFIDENTIAL" to justify the designation in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules and other applicable law. Until a determination by the Court as to the propriety of the designation, the Information shall be treated in accordance with its designation. A party shall not be obligated to object to the propriety of any designation at the time such designation is made, and failure to do so or any delay in objecting will not in any way prejudice the right to later challenge the designation pursuant to this Paragraph.

11. **Scope of Order.** The designation by counsel for the disclosing party of any Information as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any Confidential Information in contemplation of law. Furthermore, the existence of this Order shall not be used to require any party to produce any Information. Any party seeking disclosure of any

1  Information shall retain whatever burden it has under the Federal Rules of Civil Procedure for
2  production or disclosure.

3  **12.  Court Reporters.**  Any court reporter who transcribes testimony that a party or non-party designates as "CONFIDENTIAL," (whether at a deposition or otherwise) shall agree that (a) all such testimony is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; and (b) copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter.

9  **13.  Subpoena of Confidential Information.**  Whenever a party to this action, or any signatory to the attached Certification, is requested by one not already subject to this Order, pursuant to subpoena, request for production of documents, or other lawful process or request ("request"), to produce or disclose any Information designated under this Order as "CONFIDENTIAL," that party or signatory shall, as soon as is reasonably practicable, but no later than five (5) days after service of that request, notify the designating party's attorney of record and provide such attorney with a copy of the request. If the designating party objects to the production, the Information shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the request.

18  **14.  Disposal of Confidential Information.**  Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, each attorney of record will either (a) promptly return to the party or witness from whom obtained, all Information which has been marked "CONFIDENTIAL" and all copies made thereof, or (b) destroy all such Information, as counsel for the disclosing party directs. However, each attorney of record may retain any work product containing Confidential Information and one record copy of any items filed with the Court upon notice to the other attorneys of record of such retention and subject to the terms of this Order.

26  **15.  Amendment.**  This Order may be amended by written stipulation of the parties filed with and approved by the Court.

**16.** **Termination.** The provisions of this Order will continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to all parties. The final determination or settlement of this action does not relieve any person who has received Information designated as "CONFIDENTIAL" or agreed to be bound by the terms of this Protective Order of their obligations hereunder. This Court will retain jurisdiction after such final determination or settlement to enforce the provisions of this Order and to make such modifications, and additions to this Order as the Court deems appropriate.

**17.** **Stipulation.** The parties to this litigation, by and through their respective attorneys of record, hereby agree and stipulate to be bound by the terms of this Order.

Dated: ___October 30, 2006___

COOLEY GODWARD KRONISH LLP
STEVEN L. FRIEDLANDER (154146)
MAUREEN P. ALGER (208522)
ELIZA HOARD (238276)

By: _____/s/_____
    Maureen P. Alger

Attorneys for Plaintiff
LADENE DILLIHUNT

Dated: ___October 30, 2006___

UNITED STATES ATTORNEY'S OFFICE
KEVIN V. RYAN (118321)
JOANN M. SWANSON (88143)
ANDREW Y.S. CHENG (164613)

By: _____/s/_____
    Andrew Y.S. Cheng

Attorneys for Defendants
JOHN E. POTTER, POST MASTER GENERAL

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: October 31, 2006

The Honorable
United States Judge Bernard Zimmerman

IT IS SO ORDERED
/s/ Bernard Zimmerman

7.

STIPULATED PROTECTIVE ORDER
Case No. C 01-3605 PJH

# EXHIBIT A

| | |
|---|---|
| LADENE DILLIHUNT, | Case No. C 01-3605 PJH |
| Plaintiff, | **CERTIFICATION** |
| v. | |
| JOHN E. POTTER, Post Master General, | |
| Defendant. | |

I, _____, declare as follows:

**1.** I live at _____. I am employed as _____ by _____.

**2.** I have read the Stipulated Protective Order entered in *Dillihunt v. Potter*, Case No. C 01-3605 PJH, and a copy of the Stipulated Protective Order has been given to me.

**3.** I agree to be bound by the terms of the Stipulated Protective Order, and agree that any information designated as "CONFIDENTIAL," within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation.

**4.** I agree that I will not disclose or discuss information designated as "CONFIDENTIAL" with anyone other than the persons described in Paragraph 4 of the Stipulated Protective Order.

**5.** I agree to be subject *in personam* to the jurisdiction of the United States District Court for the Northern District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this ___ day of _____, 2006 at _____.

                                                       _____
                                                               (Name)